IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BILLIE DENISE PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-CV-34 |
| | ) |
| HAMBLEN COUNTY, TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss" filed by defendant, Hamblen County, Tennessee ("Hamblen County") [doc. 3]. Plaintiff has responded to the motion [doc. 9]. For the reasons that follow, the motion will be granted in part and denied in part.

Plaintiff alleges that on March 3, 2008, she was arrested for public intoxication and brought to the Hamblen County Detention Center ("HCDC"). She claims she was shackled to a chair for several hours and was also beaten by several officers. After she was bonded out the next day, she obtained medical treatment. Plaintiff contends she has had to undergo ongoing medical treatment for her injuries.

Plaintiff has brought this lawsuit pursuant to 42 U.S.C. § 1983 for alleged violation of her constitutional rights. She did not file her complaint until March 4, 2009. In the motion to dismiss, Hamblen County argues it should be dismissed for failure to state a claim upon which relief can be granted. Hamblen County also argues that the defendant

unnamed officers from the HCDC should be dismissed because the statute of limitations has run as to any individual officers, so even if the identity of these officers becomes known they cannot be brought into this lawsuit.

The court will first address the issue concerning the unnamed officers from the HCDC. An action cannot be commenced against fictitious parties. *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (action against Doe defendants never commenced because they were not identified nor served with process); *accord Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Id*. at 240. "[U]ntil an amendment adding additional defendants has been permitted by the court, the John Doe allegations are merely 'surplusage'. . . ." *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n.1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). The alleged unnamed officers from the HCDC have not been properly brought into this lawsuit.

Even if plaintiff obtains the names of the HCDC officers through discovery, it is too late to bring them into this case. Substituting a named defendant for an unknown defendant is a change in parties not a substitution of parties. Tennessee has a one year statute of limitations for actions brought under federal civil rights statutes, including § 1983. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citing Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)).

2

The events that precipitated this lawsuit occurred on March 4, 2008; thus, the statute of limitations for the § 1983 claims ran on or about March 4, 2009. Once the statute of limitations has run, Federal Rule of Civil Procedure 15 allows the substitution of parties to correct a mistake in identity, but it does not allow the addition of new parties. *Cox*, 75 F.3d at 240.

> It is well established that the "mistaken identity" requirement is not satisfied "where the caption of an original complaint refers to 'unknown police officers' and, after expiration of the applicable limitation period, an amended complaint specifically names those officers." *Force v. City of Memphis*, No. 95-6333, 1996 WL 665609, at *3 (6th Cir. Nov. 14, 1996) (citing *Cox*, 75 F.3d at 240). This is so because "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (citing *Cox*, 75 F.3d at 240).

*Keene v. Justice*, No. 07-250, 2009 WL 649159, at *1 (E.D. Ky. Mar. 10, 2009). Even if plaintiff were now to discover the identity of any of the HCDC officers she refers to in her complaint, any effort to amend the complaint and bring them into the lawsuit would be futile. Therefore, the court will grant the motion to dismiss to the extent it seeks dismissal of these unnamed defendants.

The court will next consider Hamblen County's argument that it should be dismissed because the allegations in the complaint do not state a claim on which municipal liability can be based. Hamblen County argues that plaintiff has not alleged that it engaged in a policy or custom that was the moving force behind the alleged violation of plaintiff's

3

constitutional rights.

In order to hold a municipal defendant liable for constitutional violations under § 1983, a plaintiff must establish that a government policy or custom was the cause of her injuries. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). "In *Monell*, the Supreme Court explained that municipal liability under section 1983 may only attach where the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694).

In her response to the motion to dismiss, plaintiff argues that paragraph 21 of the complaint contains language that under the simplified pleading standard of Fed. R. Civ. P. 8 states a claim against Hamblen County. Paragraph 21 states as follows:

> Hamblen County, is aware of controversial, abusive behavior by HCDC officers against detainees while in custody, and has not taken corrective action to protect inmates from abusive acts of violence by the officers.

"Rule 8 requires only a short and plain statement of the claim made by simple, concise, and direct allegations." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 503 (6th Cir. 2007) (quotation marks and citation omitted). Rule 8 "embod[ies] a regime of 'notice pleading' where technical pleading requirements are rejected in favor of an approach designed to reach the merits of an action." *Id.* (citation omitted).

In view of the liberal notice pleading of Rule 8, the court believes that the allegations in the complaint give Hamblen County sufficient notice of the claims and the bases for which plaintiff seeks recovery against the county.[1] Therefore, the court will deny the motion to the extent it seeks dismissal of Hamblen County.

The motion to dismiss also seeks dismissal of the HCDC because it is not a suable entity. Neither the complaint nor the caption of the complaint identify the HCDC as a separate defendant.[2] In any event, plaintiff concedes in her response that the HCDC is not a suable entity under 42 U.S.C. § 1983. To the extent Hamblen County's motion seeks dismissal of the HCDC, the motion will be denied as moot.

Accordingly, for the reasons set forth above, Hamblen County's motion to dismiss will be granted in part and denied in part. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] In this finding, the court expresses no opinion whether plaintiff's claims against Hamblen County can be sustained if subjected to a properly brought motion for summary judgment. That determination is not presently before the court.

[2] The court's docket sheet does not list the HCDC as a separate defendant.