IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BILLIE DENISE PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-CV-34 |
| | ) |
| HAMBLEN COUNTY, TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion for Summary Judgment" filed by defendant Hamblen County, Tennessee [doc. 30].[1] Plaintiff has not responded to the motion in the time provided by this court's local rules. Oral argument is unnecessary, and the motion is ripe for the court's determination.

I.

*Background*

On March 3, 2008, at approximately 11:00 p.m., plaintiff was arrested for public intoxication and brought to the Hamblen County Detention Center. In her complaint, she alleges that she was shackled to a chair and was kept shackled there in spite of her

---

[1] Plaintiff also listed as defendants in the complaint "Unnamed Detention Officers in the Hamblen County Detention Center." These unidentified defendants were dismissed by an order entered September 16, 2009 [doc. 11]. Thus, Hamblen County is the only remaining defendant.

requests to use the toilet facilities. She also alleges that she was taken from the chair and beaten by a pack of officers and then dumped in a single cell without a blanket, mattress, or toilet paper. After hours of pleading, plaintiff alleges that she was given a blanket and allowed to be bonded out by her husband. Plaintiff further alleges that she sought medical treatment the next morning.

In her deposition, plaintiff testified that when she arrived at the jail she was taken to the drunk tank. She testified that while in the drunk tank she was assaulted by two or three officers and that she was sprayed with mace. After being in the drunk tank by herself for a short period of time, she was taken out and pulled into the hallway. Plaintiff stated that five or ten minutes after leaving the drunk tank she was taken through a hallway and beaten again, being kicked in the back and head. This time four or five officers allegedly beat her. After being beaten in the hallway, plaintiff testified that she was taken back to a one-person cell. She was bleeding but the guards would not give her anything she could use to clean herself up. Plaintiff testified that she was bonded out and then collapsed as soon as she was outside the front of the jail. When asked in her deposition about her complaint allegations concerning being shackled to a chair, she stated that she was confused and unsure but she was sure she was in a chair.

Defendant has submitted the videotape showing plaintiff's time in the jail. Defendant has identified relevant time notations and events and has submitted CD's of the videotapes, which the court has reviewed.

II.

*Summary Judgment Standard*

As referenced above, plaintiff has not submitted a response to the motion for summary judgment. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir. 1998). At a minimum, the court must examine the motion and determine whether the movant has met the initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 455. The court has performed this examination.

The moving party may discharge its initial burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325.

III.

*Analysis*

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for alleged violation of her constitutional rights for the use of excessive force while she was in custody in the Hamblen County Detention Center. As noted above, there are no individual defendants in this lawsuit. The only defendant is Hamblen County, Tennessee, a municipal defendant.

In order to hold a municipal defendant liable for constitutional violations under § 1983, a plaintiff must establish that a government policy or custom was the cause of her injuries. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). "In *Monell*, the Supreme Court explained that municipal liability under section 1983 may only attach where the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694). Plaintiff must demonstrate two elements: "(1) that a constitutional violation occurred; and (2) that the County 'is responsible for that violation.'" *Graham*, 358 F.3d at 382 (citing *Doe v. Claiborne County*, 103 F.3d 495, 505-06 (6th Cir. 1996)). "A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'" *Graham*, 358 F.3d

4

at 383 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "There must be 'a direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham*, 358 F.3d at 383 (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

Plaintiff's claim fails on two fronts: 1) she cannot show a constitutional violation, and 2) she has presented no proof of a policy or custom by Hamblen County that directly caused an injury to the plaintiff.

The court has reviewed the videotape from the Hamblen County Detention Center that tracks the custody of plaintiff. Absolutely nothing in the videotape comes close to confirming either the allegations in the complaint or the deposition testimony of the plaintiff. The videotape reveals that the plaintiff was intoxicated upon arrival at the jail and was placed in a chair in a hallway where she spent most of the night with a blanket, sleeping on and off. Shortly after 6:00 a.m. she started an altercation with a female inmate and then got into an altercation with the officers because she would not stay in the chair where she had been sitting all night. At that point she was placed in a holding cell. Approximately two hours later, she was bonded out. When she left the jail, she showed no signs of injury, bloody clothes, or any indications whatsoever that she had been beaten or abused during her time in the jail. The court does not have to adopt plaintiff's story for summary judgment purposes.

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.
> . . .
> Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

*Scott v. Harris*, 550 U.S. 372, 380-81 (2007). After seeing the videotape of the plaintiff's time in custody, no reasonable juror could possibly believe her deposition testimony or the allegations in the complaint. As the record stands, there was no injury to plaintiff and thus no constitutional violation occurred.

However, even assuming *arguendo* that plaintiff could have demonstrated a constitutional violation, plaintiff cannot demonstrate that such a violation was caused by the execution of a policy or custom by Hamblen County. Plaintiff has not responded to the motion for summary judgment and therefore has not presented anything beyond the allegations in her complaint. When faced with a summary judgment motion, "the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Johnson v. City of Cincinnati*, 119 F. Supp. 2d 735, 739 (S.D. Ohio 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Plaintiff has not done that.

Plaintiff simply has not met the requisite standards for establishing liability on the part of Hamblen County. "[P]laintiff never adduced evidence of a definitive City policy,

custom, or usage which was an affirmative link, the moving force that animated the behavior - the acts of commission or omission - of the police officers that resulted in the constitutional violations alleged." *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988). For this reason as well, summary judgment in favor of Hamblen County is also appropriate.

IV.

*Conclusion*

Therefore, for the reasons stated herein, defendant's motion for summary judgment will be granted, and this civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge